1    JOHN S. ADLER, Bar No. 060398
     LARA K. STRAUSS, Bar No. 222866
2    LITTLER MENDELSON
     A Professional Corporation
3    501 W. Broadway
     Suite 900
4    San Diego, CA  92101.3577
     Telephone:   619.232.0441

5

6    Attorneys for Defendant
     RAYTHEON COMPANY

FILED

2007 SEP 21  PM 1: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

7

8                  UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   HOSSEIN ZEINALI, | Case No. '07 CV 1 852 JM  CAB |
| 11         Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446** |
| 12      v. | |
| 13   RAYTHEON COMPANY, and DOES 1-25, inclusive, | **ACTION FILED:**    **August 16, 2007** |
| 14         Defendant(s). | **ACTION SERVED:**   **August 27, 2007** |
| 15 | |

16           TO THE CLERK OF THE ABOVE-ENTITLED COURT:

17             PLEASE TAKE NOTICE that Defendant Raytheon Company (hereafter "Defendant"

18 or "Raytheon") hereby removes to this Court the state court action described herein.  Defendant

19 removes the above-entitled action from the Superior Court of the State of California for the County

20 of San Diego.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1332(a), 1441(b)

21 and 1446 due to diversity of citizenship between the parties.

22            In support of its Notice of Removal of Civil Action, Defendant states:

23                 **PROCEDURAL HISTORY**

24          1.      On August 16, 2007, Plaintiff Hossein Zeinali ("Plaintiff") filed this action

25 against Raytheon Company, in the Superior Court of the State of California for the County of San

26 Diego, entitled *Hossein Zeinali v. Raytheon Company, and Does 1-25, inclusive*, Case No. 37-2007-

27 00073226-CU-WT-CTL.  The complaint alleges six causes of action against Raytheon Company,

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:83085233.1 006609.1000

NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

1   including wrongful discharge in violation of public policy and discrimination. A true and correct

2   copy of the Complaint is attached as **Exhibit 1**.

3         2.      On August 27, 2007, Raytheon was served a copy of the Complaint via its

4   agent for service of process, CT Corporation System. At the same time, Raytheon also received the

5   Summons, Civil Case Cover Sheet, Notice of Case Assignment and an ADR Form. True and correct

6   copies of these documents are attached as **Exhibit 2**. On September 20, 2007, Raytheon filed and

7   served its Answer To Plaintiff's Complaint, in the San Diego Superior Court. A true and correct

8   copy of this pleading is attached as **Exhibit 3**. The Complaint, Summons, Civil Case Cover Sheet,

9   Notice of Case Assignment, ADR Form and Answer attached hereto are the only pleadings, process

10   or orders served on or by Raytheon in the state action. Moreover, no further proceedings have been

11   conducted in this case in the Superior Court of the County of San Diego. Accordingly, the

12   requirements of 28 U.S.C. §1446(a) have been satisfied.

13                **REMOVAL BASED ON DIVERSITY JURISDICTION**

14         3.      28 U.S.C. 1332(a) provides in relevant part as follows:

15        The district court shall have original jurisdiction of all civil actions
           where the matter in controversy exceeds the sum or value of $75,000,
16        exclusive of interest and costs, and is between

17        —

18        (1) citizens of different States[.]

19         4.      This action is a civil action over which this Court has original jurisdiction

20   under 28 U.S.C. §1332(a), and is one that may be removed to this Court by Defendant pursuant to

21   the provisions of 28 U.S.C. §1441(b). Specifically, this is a civil action between citizens of different

22   states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs,

23   because Plaintiff is claiming that he suffered special damages, general damages, punitive damages

24   and incurred attorneys fees as a result of Defendant's alleged conduct.

25         5.      Based on the allegations of Plaintiff's Complaint, Plaintiff, at all relevant

26   times, was and still is, a citizen of the County of San Diego, State of California. (Complaint,

27   **Exhibit 1**, ¶2).

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:83085233.1 006609.1000       2.    NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

6.      Defendant Raytheon Corporation was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Waltham, Massachusetts (Declaration of James Remeika in Support of Notice of Removal of Civil Action on the Basis of Diversity Jurisdiction ¶2, attached as **Exhibit 4** hereto). Accordingly, Raytheon is not a citizen of the State in which this action is pending and is, in fact, a citizen of a different state than that of the Plaintiff.

7.      The defendants designated as DOES 1 through 10 are fictitious defendants are not parties to this action. Unnamed defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. 28 U.S.C. §1441(a); *Fristos v. Reynolds Metal Company,* 615 F.2d 1209, 1213 (9th Cir. 1980).

## AMOUNT IN CONTROVERSY

8.      Removal jurisdiction exists only where original jurisdiction would also have existed, and the removing defendants bear the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If a complaint on its face alleges the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the complaint is removable. 28 U.S.C. § 1332. If the allegations of a complaint do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party need only demonstrate by a preponderance of the evidence that the jurisdictional minimum is in controversy. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

9.      Plaintiff filed this case in state court as an unlimited jurisdiction matter (e.g., Plaintiff alleges that the amount in controversy exceeds $25,000). (*See* State Civil Cover Sheet, attached hereto as **Exhibit 2**.)

10.     Plaintiff claims that he was employed by Raytheon from November, 2002 to November 7, 2006. Although the Complaint does not state a specific dollar amount of damages Plaintiff seeks, Plaintiff alleges causes of action against Defendant for breach of contract, discrimination, harassment and wrongful discharge in violation of public policy. (Complaint,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:83085233.1 006609.1000

3.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446



1    **Exhibit 1**.)  Plaintiff claims that as a proximate result of Defendant's conduct, Plaintiff has suffered

2    damages including, but not limited to, past and future lost compensation and employment benefits

3    (Complaint, **Exhibit 1**, ¶¶ 42, 43, 49, 50, 58, and 68).  At the time of Plaintiff's termination of

4    employment, he was earning an annual salary in excess of $94,000.00.  (Declaration of Stephanie

5    Love-Payne in Support of Defendant's Notice of Removal of Civil Action on the Basis of Diversity

6    Jurisdiction ¶ 3, attached as **Exhibit 5** hereto.)  Accordingly, if Plaintiff were to claim only these

7    past ten months of lost compensation (from the November, 2006 date of termination to date of filing

8    of this Removal), the amount in controversy would already exceed the jurisdictional limit of

9    $75,000.  Ten months of lost compensation would equal economic damages in excess of $78,000.

10   Plaintiff also alleges that as a proximate result of Defendant's conduct, he has suffered and will

11   continue to suffer emotional distress and other general damages (Complaint, **Exhibit 1**, ¶¶ 44, 51,

12   and 58).  Moreover, Plaintiff alleges that he is entitled to an award of penalties, punitive damages

13   and attorneys fees.  (Complaint, **Exhibit 1**, ¶¶ 45, 52, 59 and 62).  In Plaintiff's Prayer for Relief,

14   Plaintiff seeks special damages, general damages, attorneys fees, penalties and punitive damages.

15   (*See* Complaint, **Exhibit 1**, Prayer for Relief).

16          11.     Compensatory (actual) damages, special damages and potential punitive

17   damages may be considered when determining the amount in controversy.  *Bell v. Preferred Life*

18   *Assur. Soc'y of Alabama*, 320 U.S. 238, 241 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F.

19   Supp. 1462, 1464-65 (S.D. Ala. 1993); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001);

20   *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that

21   punitive damages are part of the amount in controversy in a civil action" (*citing Gison v. Chrysler*

22   *Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance,* 897 F. Supp. 447, 450

23   (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

24          12.     Based on the foregoing, Defendant has carried its burden of demonstrating by

25   a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the

26   jurisdictional minimum of $75,000.00.

27          13.     For these reasons, this action is a civil action over which this Court has

28   original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:83085233.1 006609.1000

4.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

1    this Court pursuant to 28 U.S.C. section 1441 (a), in that it is a civil action wherein the matter in

2    controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of

3    different states.

### TIMELINESS OF REMOVAL

5    14.    This Notice of Removal is timely as it is being filed with this Court and

6    served within thirty (30) days of Raytheon's first receipt of the Summons and Complaint on August

7    27, 2007, and is less than one (1) year after commencement of this action as required under 28

8    U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)

9    (timeliness of removal determined based on date service perfected under state law, not date

10   defendant first learns of complaint).

### JURISDICTION

12   15.    This District Court has jurisdiction over all the parties, and its territorial

13   jurisdiction embraces the place where the Superior Court action is pending.  Venue is proper in this

14   Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

15   WHEREFORE, Defendant now prays that the above action now pending against

16   Defendant in the Superior Court for the State of California, County of San Diego, 37-2007-

17   00073226-CU-WT-CTL, be removed therefrom to this Court.

18   Dated: September 21, 2007

20   JOHN S. ADLER
21   LARA K. STRAUSS
     LITTLER MENDELSON
22   A Professional Corporation
     Attorneys for Defendant
23   RAYTHEON COMPANY

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:83085233.1 006609.1000          5.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

**EXHIBIT 1**

R. KERAMATI, ESQ., STATE BAR NO. 182425
EMPLOYMENT MEDIATION AND LITIGATION SERVICES, APC
110 WEST "C" STREET, SUITE 1300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 231-2529
FACSIMILE (619) 231-2528

Attorney for Plaintiff **HOSSEIN ZEINALI**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| HOSSEIN ZEINALI, | ) CASE NO.    37-2007-00073226-CU-WT-CTL |
| Plaintiff, | ) COMPLAINT FOR: |
| v. | ) |
| RAYTHEON COMPANY., and DOES 1-25, inclusive, | ) 1. Race/National Origin Discrimination - Disparate Treatment (California Government Code § 12900 et seq.) |
| Defendant(s). | ) 2. Race/National Origin Discrimination Disparate Impact (California Government Code § 12900 et seq.) |
| | ) 3. Tortuous Termination In Violation Of Public Policy |
| | ) 4. Violation Of Labor Code § 1102.5 |
| | ) 5. Breach Of Contract |
| | ) 6. Breach Of The Covenant Of Good Faith And Fair Dealing |
| | ) |
| | ) DEMAND FOR JURY TRIAL |

Plaintiff alleges:

1. At all times material to this complaint, Defendant Raytheon Company (hereafter referred to as "Raytheon", or "Defendant") was a corporation.

2. At all times material to this complaint, Plaintiff Hossein Zeinali (hereafter referred to as "Zeinali", or "Plaintiff") was an adult residing in San Diego County, California.

/////

- 1 -
COMPLAINT

**EXHIBIT 1/pg. 1**

3.  Defendants DOES 1 through 15 were at all times relevant herein employees and/or agents of defendant Raytheon.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 15, inclusive, and therefore sues these defendants by such fictitious names. Defendants DOES 16-25 were at all times relevant herein parent corporations of, subsidiaries of, partnerships, joint ventures, affiliates with Raytheon, or other entities who employed Plaintiff or are otherwise liable for the acts complained of herein.  Plaintiff will pray leave of this court to amend this complaint to allege the true names and capacities when ascertained.

4.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants in the above paragraph was responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

5.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, except as otherwise stated, each of the defendants was the agent, employee, representing partner, or joint venturer of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

6.  On or about November 11, 2002, plaintiff was hired by defendant Raytheon as a Senior Multi-Discipline Engineer (hereafter referred to as "Senior MDE") in its Operations department. Plaintiff's job classification/level was "E4."

7.  Following his hiring, plaintiff was informed that he would need to obtain a security clearance for his position.  Based on information and belief, although defendant Raytheon requested plaintiff to obtain a security clearance, some employees at defendant Raytheon performed their job duties without a security clearance.

8.  On or about the end of 2002 or early 2003, Plaintiff filled-out a security clearance application.

9.  On or about July of 2003, plaintiff was assigned to perform the job duties of an ES Control/Cost Account Manager (hereafter referred to as "CAM").  Although a CAM was a higher-level position, plaintiff was not promoted to a CAM and he did not receive a raise.  His status remained E-4 Senior MDE while performing the job duties of a CAM.

**EXHIBIT 1/pg. 2**

10. On or about October of 2003, plaintiff approached his supervisor and asked for a status change to the higher position of CAM and a matching raise. The request was denied.

11. On or about the end of 2003 and early 2004, Plaintiff attended several human resources meeting. At one of the meetings, there was a discussion about minority hiring. The discussion included statements by management that they had to change their mentality; that it was not the old days anymore, and that management would have to be more open to hiring minorities.

12. On or about August or September of 2004, plaintiff, his supervisor, and other co-workers went to a restaurant after work. At the restaurant, Plaintiff's supervisor stated to plaintiff in front of others that all middle easterners are "camel jockeys".

13. Soon thereafter, plaintiff informed human resources about the statement made by his supervisor. Based on information and belief, the Human Resources Department interviewed witnesses about the incident but failed to take any further action on the matter.

14. From 2003 to shortly before his termination, plaintiff applied for numerous E-5 positions in San Diego that he was qualified to perform, and that would have been a promotion for him.

15. Plaintiff was never promoted to an E-5 position.

16. On or about the end of September of 2004, Plaintiff transferred from the Operations department to the Engineering Department.

17. On several occasions, plaintiff's supervisor informed plaintiff that plaintiff didn't have the military background to be promoted, and he should probably transfer to a different location outside of San Diego. Plaintiff never obtained a promotion to the E5 level. He was told that employees with military backgrounds received the promotions first as they may have contacts who could facilitate defendant Raytheon receiving military contracts. Based on information and belief, less qualified non-minority employees with military backgrounds were promoted in place of plaintiff for positions plaintiff applied for.

18. In 2006, Plaintiff's job duties included providing financial analysis and weekly status on projects. Plaintiff reported the budgets, and resources for his project. In his weekly reports, he reported money spent versus the work that was completed that week. The financial system was called Earn Value Management Systems (hereafter referred to as "EVMS").

**EXHIBIT 1/pg. 3**

19. On or about August of 2006 while performing his job duties, Plaintiff reviewed a report and noticed that there was $3 million missing from his budget. Plaintiff contacted the Finance Department about the missing funds. He was informed by them that they were told to move the money.

20. Plaintiff informed his supervisors that the removal of the money was unlawful, and that the removal of the money should have gone through the Budget Change Request ("BCR") process with approval by the United States Department of Navy. Plaintiff was instructed to continue to work on the project. This would have required Plaintiff to sign off on certain erroneous reports. Plaintiff refused to sign off on the reports.

21. Soon thereafter, Plaintiff received an e-mail from a manager stating that the removal of money from plaintiff's budget was wrong and that plaintiff should save the e-mail to help him potentially avoid prison time.

22. A few weeks later, Plaintiff was informed by his supervisor that the $3 million would be returned to his budget. The funds, however, were not returned to the budget properly. The proper method for returning the funds was through a budget change requests ("BCR") where management and the government must sign off on the request. This was not done. Plaintiff informed his supervisor that the funds were not returned to his budget in compliance with the BCR requirements.

23. Soon thereafter, Plaintiff's supervisor recommended to Plaintiff that Plaintiff should look for another job outside of Raytheon.

24. On or about September or October of 2006, Plaintiff was transferred to a different position.

25. In early November 2006, Plaintiff had a meeting with a supervisor regarding his security clearance application. The supervisor stated that they had received a letter from the government denying his security clearance.

26. On or about January of 2006, plaintiff's application for a security clearance was granted by an Administrative Law Judge. On or about September of 2006, an appeals board reversed the granting of the security clearance. Plaintiff was allowed to re-apply in one year.

/////

- 4 -
COMPLAINT

EXHIBIT 1/pg. 4

27. Plaintiff informed his supervisor that the judge had granted the security clearance but the decision was reversed on appeal, and that he could reapply in a year.   The supervisor stated that Raytheon had to make a decision right away, and plaintiff may be terminated.

28. On or about November 7, 2006, Plaintiff's employment was terminated by defendant Raytheon.  The reason given was the denial of the security clearance.

29. At the time of his termination, Plaintiff worked for defendant Raytheon for almost 4 years without a security clearance.  Based on information and belief, other employees were employed and/or remained employed with defendant Raytheon without a security clearance.

30. Based on information and belief, plaintiff's termination date was November 10, 2006.

## INCORPORATION OF ALLEGATIONS

31. All of the allegations in each of the foregoing and subsequent paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CAUSE OF ACTION

## RACE/NATIONAL ORIGIN DISCRIMINATION (CALIFORNIA GOVERNMENT CODE § 12900 ET SEQ.)--DISPARATE TREATMENT

32. Plaintiff incorporates by reference Paragraphs 1 through 31, inclusive, of this complaint as if fully set forth.

33. At all times herein mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants.  These actions require defendants to refrain from discriminating against an employee on the basis of race, or national origin among other things.

34. Defendant Raytheon is subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA) as defendant Raytheon is doing business in the State of California and regularly employs five or more persons.

35. The alleged employment practices complained of herein occurred in San Diego County.

36. Plaintiff is Middle Eastern and was born in Tehran, Iran.

37. At all times material to this complaint, Plaintiff was qualified for his position in that he had the necessary education and experience for his position with defendant Raytheon and he was performing competently in his position.

EXHIBIT 1/pg. 5

38. During the course of plaintiff's employment, defendant made discriminatory remarks on the basis of Plaintiff's race and/or national origin, failed to promote Plaintiff on the basis of his race and/or national origin, and terminated Plaintiff on the basis of his race and/or national origin.

39. During the course of plaintiff's employment with defendant Raytheon, plaintiff applied for various promotions with defendant Raytheon. Plaintiff had the necessary education, experience and qualification to work in the positions he applied for. Based on information and belief, defendant will claim that plaintiff was not promoted because more qualified individuals were hired for the positions applied. The reason given by defendant is a pretext designed to conceal defendants' discrimination against Plaintiff on the basis of his race and/or national origin.

40. In November of 2006, after a significant period of wholly satisfactory, competent, and diligent performance to the profit of defendant Raytheon, Plaintiff was notified by defendant Raytheon that his employment was being terminated because plaintiff's application for a security clearance had been denied. Defendant's claim that plaintiff was being terminated because of a denial of a security clearance, however, was a pretext designed to conceal defendant's discrimination against Plaintiff on the basis of his race and/or national origin.

41. Plaintiff believes and thereon alleges that his race and/or national origin was a factor in defendant's decision to deny him a promotion and in terminating his employment. Such discrimination is in violation of Government Code section 12940 et seq., and has resulted in damages and injury to Plaintiff as alleged herein.

42. As a proximate result of defendant Raytheon's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that he has suffered the loss of the wages/salary, benefits, and additional amounts of money he would have received if he had been promoted and/or not been terminated from his position with defendant Raytheon. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages as will be proven at trial.

43. As a proximate result of defendant Raytheon's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered the intangible loss of such employment related opportunities as experience in the position from which he was not promoted

1  to and/or terminated. As a result of such discrimination and consequent harm, he has suffered

2  such damages as will be proven at trial.

3  44. As a further proximate result of defendant Raytheon's discriminatory actions against

4  Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental

5  anguish, and emotional and physical distress, and has been injured in mind and body. As a result

6  of such discrimination and consequent harm, Plaintiff has suffered such damages as will be

7  proven at trial.

8  45. The above-recited actions of defendant Raytheon in terminating Plaintiff's employment were

9  done with malice, fraud, or oppression, and in reckless disregard of plaintiff's rights under the

10  FEHA. Defendant Raytheon's malicious and oppressive conduct was carried out by managing

11  agents of Defendant Raytheon, and was authorized and ratified by Defendant Raytheon. Thus,

12  Defendant Raytheon's conduct warrants the assessment of punitive damages.

13  46. Within the time provided by law, Plaintiff filed a complaint with the California Department

14  of Fair Employment and Housing, in full compliance with these sections, and received a right-to-

15  sue letter. On or about January 9, 2007, Plaintiff filed a charge of discrimination with the

16  California Department of Fair Employment and Housing (DFEH). A copy of this charge is

17  attached hereto as "Exhibit A" and is incorporated by this reference. On or about January 27,

18  2007, the DFEH provided Plaintiff with a right-to-sue notice. A copy of this notice is attached

19  hereto as Exhibit "B" and incorporated by this reference.

20  ## SECOND CAUSE OF ACTION

21  ### RACE/NATIONAL ORIGIN DISCRIMINATION (CALIFORNIA GOVERNMENT

22  ### CODE § 12900 ET SEQ.)--DISPARATE IMPACT

23  47. Plaintiff incorporates by reference Paragraphs 1 through 46, inclusive, of this complaint as if

24  fully set forth.

25  48. Defendant Raytheon has both subjective and objective policies and practices in place that

26  discriminate on the basis of race and/or national origin. These policies or practices include, but

27  are not limited to using prior military service as a factor in hiring, promoting and firing

28  employees. These policies or practices have a disparate impact on persons of Plaintiff's race

**EXHIBIT 1/pg. 7**

1  and/or national origin, and other minorities, in that it causes these persons to be demonstrably

2  disadvantaged, vis-à-vis non-minority employees/applicants.

3  49. As a proximate result of defendant Raytheon's discriminatory actions against Plaintiff as

4  alleged above, Plaintiff has been harmed in that he has suffered the loss of the wages/salary,

5  benefits, and additional amounts of money he would have received if he had been promoted

6  and/or not been terminated from his position with defendant Raytheon. As a result of such

7  discrimination and consequent harm, Plaintiff has suffered such damages as will be proven at

8  trial.

9  50. As a proximate result of defendant Raytheon's discriminatory actions against Plaintiff, as

10  alleged above, Plaintiff has been harmed in that he has suffered the intangible loss of such

11  employment related opportunities as experience in the position from which he was not promoted

12  to and/or terminated. As a result of such discrimination and consequent harm, he has suffered

13  such damages as will be proven at trial.

14  51. As a further proximate result of defendant Raytheon's discriminatory actions against

15  Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental

16  anguish, and emotional and physical distress, and has been injured in mind and body. As a result

17  of such discrimination and consequent harm, Plaintiff has suffered such damages as will be

18  proven at trial.

19  52. The above-recited actions of defendant Raytheon in terminating Plaintiff's employment were

20  done with malice, fraud, or oppression, and in reckless disregard of plaintiff's rights under the

21  FEHA. Defendant Raytheon's malicious and oppressive conduct was carried out by managing

22  agents of Defendant Raytheon, and was authorized and ratified by Defendant Raytheon. Thus,

23  Defendant Raytheon's conduct warrants the assessment of punitive damages.

24  <u>**THIRD CAUSE OF ACTION**</u>

25  **TORTUOUS TERMINATION IN VIOLATION OF PUBLIC POLICY**

26  53. Plaintiff incorporates by reference Paragraphs 1 through 52, inclusive, of this complaint as if

27  fully set forth.

28  /////

EXHIBIT 1/pg. 8

54. At all times mentioned in this complaint, California Constitution Article I, Section 8 was in full force and effect and was binding on defendant Raytheon. This section requires defendant Raytheon to refrain from discriminating against an employee on the basis of race and/or national origin.

55. At all times mentioned in this complaint, Government Code § 12900 et seq. was in full force and effect and was binding on defendant Raytheon. This statute requires defendant Raytheon to refrain from discriminating against an employee on the basis of race and/or national origin.

56. Plaintiff alleges that his termination was wrongful because it was in violation of public policy of California, in that Plaintiff's termination was based on his race, and/or national origin. The termination was in violation of California law that holds that the policy against race and national origin discrimination is fundamental and substantial. The termination was further in violation of public policy as expressed in California Constitution Article I, section 8 and in California Government Code § 12900 et seq.

57. Defendant Raytheon terminated plaintiff's employment when plaintiff complained to them that removing money from his budget was unlawful. Plaintiff further refused to sign-off on reports that he believed were in violation of federal laws and regulations. Plaintiff was terminated because of his complaints that the manner of removal of funds from his budget was unlawful and his refusal to sign off on reports that were not in compliance with guidelines set by the federal government. Plaintiff's termination for these reasons was in violation of the public policy of the State of California.

58. As a direct and foreseeable, and proximate result of defendant Raytheon's wrongful termination of Plaintiff in violation of the public policy of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to his damage in an amount which will be proven at trial.

59. In light of defendant Raytheon's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

- 9 -

**COMPLAINT**

**EXHIBIT 1/pg. 9**

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 1102.5**

60. Plaintiff incorporates by reference Paragraphs 1 through 59, inclusive, of this complaint as if fully set forth.

61. California Labor Code section 1102.5(c) provides, in relevant part, that: "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

62. Labor Code section 1103 makes a violation of Labor Code section 1102.5 a misdemeanor and section 1105 allows the employee to bring a civil lawsuit for damages against his or her employer for a violation of section 1102.5.

63. Plaintiff is informed and believes, and alleges upon such information and belief, that in discharging Plaintiff, defendant Raytheon has violated Labor Code section 1102.5.

**FIFTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

64. Plaintiff incorporates by reference paragraphs 1 through 63, inclusive, of this complaint as if fully set forth.

65. Plaintiff and defendant Raytheon entered into an implied contract that Plaintiff would be employed by defendant Raytheon so long as his performance was satisfactory and would not be discharged without good cause or arbitrarily, and not without fair warning and appropriate corrective action. Defendant Raytheon engaged in a system-wide practice of providing corrective action to employees and not terminating employees without good cause and fair warning, including corrective action such as verbal and written warnings. Plaintiff had an employment contract with defendant that he would be employed with defendant Raytheon so long as his performance was satisfactory, and that defendant would not discharge him without good and just cause. The terms of the employment contract included but were not limited that defendant would not discharge plaintiff without good cause and fair warning, based on objective, reasonable job evaluations of plaintiff.

**EXHIBIT 1/pg. 10**

66. Plaintiff at all times fulfilled his duties and conditions under the contract and has been ready, willing, and able to continue performing them in a competent and satisfactory manner.

67. Notwithstanding the implied promise not to terminate Plaintiff's employment without good cause or prior corrective action, Defendant Raytheon terminated Plaintiff's employment without good cause or corrective action.

68. As a proximate result of defendant's conduct, plaintiff has suffered harm, including past and future lost earnings and other employment benefits, all to his damage in an amount to be established at trial.

### SIXTH CAUSE OF ACTION

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

69. Plaintiff incorporates by reference Paragraphs 1 through 68, inclusive, of this complaint as if fully set forth.

70. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendant Raytheon to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive plaintiff of the benefits of the contract.

71. As a result of the employment relationship, which existed between Plaintiff and Defendant Raytheon, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Defendant Raytheon promised to act in good faith toward and deal fairly with Plaintiff. This requires, among other things, that: (a) each party in the relationship must act with good faith toward the other concerning all matters related to the employment; (b) each party in the relationship must act with fairness toward the other concerning all matters related to the employment; (c) neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship; (d) Defendant Raytheon would similarly treat employee who are similarly situated; (e) Defendant Raytheon would comply with its own representations, rules, policies, and procedures in dealing with Plaintiff; (f) Defendant Raytheon would not terminate

- 11 -
COMMPLAINT

Plaintiff without a fair and honest cause, regulated by good faith on Defendant Raytheon's part; (g) Defendant Raytheon would not terminate Plaintiff in an unfair manner; and (h) Defendant Raytheon would give Plaintiff's interests as much consideration as it gave its own interests.

72. Defendant Raytheon's termination of Plaintiff was wrongful, in bad faith, and unfair, and therefore a violation of Defendant Raytheon's legal duties.   Plaintiff further alleges that Defendant Raytheon breached the covenant of good faith and fair dealing when it: (a) repeatedly refused to abide by its own policies when dealing with plaintiff; (b) repeatedly denied the existence of the contract and the agreements made with plaintiff; (c) unfairly prevented plaintiff from obtaining the benefits of his employment relationship; (d) treated similarly situated employees differently by imposing different responsibilities on similarly situated employees; (e) (f) terminated plaintiff's employment for false reasons and in a manner that was inconsistent with Defendant Raytheon's stated policies and practices.

73. Defendant Raytheon's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to plaintiff.  As a direct and proximate result of Defendant Raytheon's unlawful conduct alleged in this complaint, plaintiff has lost substantial employment benefits, the precise amount of which will be proven at trial.

74. Wherefore, plaintiff demands judgment against Defendants as set forth in this complaint.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgments against defendant as follows:

1.  For compensatory damages, including lost wages and employment benefits according to proof;

2.  For mental and emotional distress damages on each cause of action;

3.  For punitive damages on each cause of action;

4.  For an award of interest, including pre-judgment interest, at the legal rate;

5.  For an award of attorney fees;

6.  For civil penalties under Labor Code section 1102.5

- 12 -
COMPLAINT

1    7.  For costs of suit incurred; and

2    8.  For such other and further relief as the court deems appropriate.

3

4    Dated:  *August 16, 2007*

                                  EMPLOYMENT MEDIATION AND LITIGATION

5                                      SERVICES, APC.

6                                      By:

7                                      R. KERAMATI, Esq.,

8                                      Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1/pg. 13**

# EXHIBIT

# "A"

**EXHIBIT 1/pg. 14**

# * * * EMPLOYMENT * * *

RECEIVED

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____ JAN 19 2007

DFEH USE ONLY
SAN DIEGO
DISTRICT OFFICE

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
MR. HUSSEIN ZEINALI

TELEPHONE NUMBER (INCLUDE AREA CODE)
(858) 695-4284

ADDRESS
10585 STONY RIDGE WAY

CITY/STATE/ZIP
SAN DIEGO, CA 92131

COUNTY | COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
RAYTHEON

TELEPHONE NUMBER (include Area Code)
(858) 522-3000

ADDRESS
3030 BALBOA AVENUE

CITY/STATE/ZIP
SAN DIEGO, CA 92123

COUNTY | COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

RESPONDENT CODE

THE PARTICULARS ARE
On 11/1/06 _____ I was

[✓] denied transfer

by DAVID ROBINETTE - DEPARTMENT MANAGER
Name of Person / Job Title (supervisor/manager/personnel director/etc.)

because of my:
[✓] national origin/ancestry
[✓] age

the reason given by DAVID ROBINETTE - DEPARTMENT MANAGER
Name of Person and Job Title

Was because LACK OF SECURITY CLEARANCE
of [please state what you believe to be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice...

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 1/1/07

SAN DIEGO, CA
City

COMPLAINANT'S SIGNATURE

JAN 19 2007

DATE FILED: _____

DFEH-300-03 (01-05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
STATE OF CALIFORNIA

**EXHIBIT 1/pg. 15**

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
MR. HOSSEIN ZINALI

TELEPHONE NUMBER (INCLUDE AREA CODE)
(858) 676-4724

ADDRESS
3682 SIGHT EDGE WAY

CITY/STATE/ZIP
SAN DIEGO, CA 92131

COUNTY

COUNTY CODE

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
TYMETRIX

TELEPHONE NUMBER (Include Area Code)
(858) 622-1000

ADDRESS
750 PALFOX AVENUE

CITY/STATE/ZIP
SAN DIEGO, CA 92123

COUNTY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

RESPONDENT CODE

THE PARTICULARS ARE:

On  11/10/06  I was ☑ fired
___ laid off
___ demoted
___ harassed
___ denied a promotion
___ genetic characteristics testing
___ forced to quit

___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
___ asked impermissible non-job-related inquiry
___ other (specify)

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by  DAVID ROBINETTE - DEPARTMENT MANAGER
Name of Person                                        Job Title (supervisor/manager/personnel director/etc.)

because of my:  ☑ national origin/ancestry  ___ physical disability  ___ race  (circle one) filing,
___ age  ___ marital status  ___ mental disability  ___ specific characteristic  Protesting, participating in
☑ religion  ___ sexual orientation  investigation (retaliation for)
☑ sex/gender  ___ association  ___ other (specify)

the reason given by  DAVID ROBINETTE - DEPARTMENT MANAGER
Name of Person and Job Title

was because  LACK OF SECURITY CLEARANCE
of [please
state what
you believe to
be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sun notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complaint Filed in Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true..

Dated  1/3/07

SAN DIEGO, CA
City

COMPLAINANT'S SIGNATURE

DATE FILED:

**EXHIBIT 1/pg. 16**

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E 200607 D 066700 C

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

TELEPHONE NUMBER: (858) 616-1284

BNY MESA WAY

SAN DIEGO, CA 92154

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

RAYTHEON

SAILROA AVENUE

TELEPHONE NUMBER: (858) 622-2600

SAN DIEGO, CA 92124

by   RAYTHEON MANAGEMENT

I hereby request that the Department of Employment and Housing provide a right-to-sue notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to those matters which I believe it to be true.

12/19/06

SAN DIEGO, CA

COMPLAINANT'S SIGNATURE

Date Filed 12/19/06

RECEIVED

DEC 19 2006

DISTRICT OFFICE

**EXHIBIT 1/pg. 17**

# EXHIBIT

# "B"

**EXHIBIT 1/pg. 18**

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**



January 23, 2007

HOSSEIN ZEINALI
10585 Stony Ridge Way
San Diego, CA 92131

RE   E200607D0827-00-c
     ZEINALI/RAYTHEON

Dear HOSSEIN ZEINALI:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 19, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

**EXHIBIT 1/pg. 19**

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

cc      Case File

Director
Human Resources/Personnel
RAYTHEON
8680 Balboa Avenue
San Diego, CA  92123

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



December 19, 2006


HOSSEIN ZEINALI
10585 Stony Ridge Way
San Diego, CA 92131

Re:   E200607D0667 00-c
      ZEINALI/RAYTHEON

Dear HOSSEIN ZEINALI:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 19, 2006 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

**EXHIBIT 1/pg. 21**

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda LeDoux*

Belinda LeDoux
District Administrator


cc      Case File


Director
Human Resources/Personnel
RAYTHEON
8680 Balboa Avenue
San Diego, CA  92123

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING



December 19, 2006


HOSSEIN ZEINALI
10585 Stony Ridge Way
San Diego, CA 92131

RE:   L200607D0667-00-c
      ZEINALI/RAYTHEON

Dear HOSSEIN ZEINALI

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 19, 2006 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

**EXHIBIT 1/pg. 23**

Notice of Case Closure

Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator


cc:     Case File


Director
Human Resources/Personnel
RAYTHEON
8680 Balboa Avenue
San Diego, CA  92123

**EXHIBIT 1 /pg. 24**

2007-00197

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/28/2007
Log Number 512537654

JR

Received

AUG 2 9 2007

REBECCA RANSOM

TO:   Rebecca B Ransom, Attorney
      Raytheon Company
      Waltham Woods Corporate Center, 870 Winter Street
      Waltham, MA, 02451-1449

RE:   **Process Served in California**

FOR:  Raytheon Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Hossein Zeinali, Pltf. vs. Raytheon Company, et al., Dfts. |
| DOCUMENT(S) SERVED: | Notice(s), Stipulation Form, Summons, Complaint, Exhibit, Cover Sheet |
| COURT/AGENCY: | San Diego County- San Diego, Superior Court, CA<br>Case # 3720070007322CUWTCTL |
| NATURE OF ACTION: | Employee Litigation - Discrimination - On the basis of Race/National Origin |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 08/27/2007 at 15:27 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Reza Keramati<br>Employment Medication and Litigation Services, APC<br>110 West "C" Street<br>Suite 1300<br>San Diego, CA, 92101<br>619-231-2529 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 790323762850<br>Email Notification, Woods Abbott WOODS_K_ABBOTT@RAYTHEON.COM |
| SIGNED: | C T Corporation System |
| PER: | Dianne Christman |
| ADDRESS: | 818 West Seventh Street<br>Los Angeles, CA, 90017 |
| TELEPHONE: | 213-337-4615 |

Page 1 of 1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**EXHIBIT 2/pg. 1**

Arrow

Page 1 of 1

FROM: Mara Velasco (213)337-4615
CT – Los Angeles SOP Team
818 West Seventh Street

Los Angeles, CA 90017

TO:   **Rebecca B Ransom (781)522-3032**
**Raytheon Company**
**Waltham Woods Corporate Center**
**870 Winter Street**
**Waltham, MA 02451**
Ref: SOP/0413900/512537654/Mara Velasco



FedEx Revenue Barcode

CAD#: 8318649
SHIP DATE: 28AUG07
WEIGHT: 1 LB



DELIVERY ADDRESS (FedEx-EDR)         **STANDARD OVERNIGHT**

TRK #  7903 2376 2850       FORM
0201

02451    -MA-US

BOS

**WED**
**A1**
Deliver by:
29AUG07

# XH BXCA

CLS052807

**EXHIBIT 2/pg. 2**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Raytheon Company, and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Hossein Zeinali

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego (Hall of Justice)
330 West Broadway
San Diego, CA 92101

CASE NUMBER
*(Número del Caso):* 37-2007-00073226-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Reza Keramati, Esq.
110 West "C" Street, Suite 1300, San Diego, CA 92101

Tel No.: (619) 231-2529

DATE: [illegible]
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* RAYTHEON COMPANY

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [✓] other *(specify):* BUSINESS ENTITY FORM UNKNOWN
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 2/pg. 3

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
R. Keramati, Esq., SBN Bar No. 182425
Employment Mediation and Litigation Services, APC
110 West "C" Street, Suite 1300
San Diego, CA 92101

TELEPHONE NO.: (619) 231-2529    FAX NO.: (619) 231-2528

ATTORNEY FOR (Name): Hossein Zeinali

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Hossein Zeinali v. Raytheon Company, and DOES 1-25, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2007-00073226 CU-WT-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE

DEPT.

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8-16-07

R.C. KERAMATI
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT 2/pg. 4**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101<br>BRANCH NAME:  Central<br>TELEPHONE NUMBER:  (619) 685-6025 | |
| PLAINTIFF(S) / PETITIONER(S):      Hossein Zeinali | |
| DEFENDANT(S) / RESPONDENT(S):  Raytheon Company | |
| ZEINALI VS. RAYTHEON COMPANY | |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00073226-CU-WT-CTL |
|---|---|

Judge:  Joan M. Lewis                                   Department: C-65

**COMPLAINT/PETITION FILED:** 08/16/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

8/27/07
3:27pm

**EXHIBIT 2/pg. 5**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00073226-CU-WT-CTL       CASE TITLE: Zelnali vs. Raytheon Company

## <u>NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE</u>

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to  Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### <u>ADR POLICY</u>

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases.  The court has long recognized the value of early case management intervention and the use of alternative  dispute resolution options for amenable and eligible cases.  The use of ADR will be discussed at all Case Management  Conferences.  It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or  arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### <u>ADR OPTIONS</u>

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with  the early resolution of their dispute.  All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program.  Limited civil collection cases are not eligible at  this time.  San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically.  Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in  reaching a mutually acceptable resolution of all or part of their dispute.  In this process, the mediator carefully explores not  only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.  The mediator is not the  decision-maker and will not resolve the dispute – the parties do.  Mediation is a flexible, informal and confidential process  that is less stressful than a formalized trial.  It can also save time and money, allow for greater client participation and allow  for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC.  Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00  per hour for each of the first two hours and their individual rate per hour thereafter.  Parties may select any mediator,  however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must  adhere to ethical standards.  All court-approved mediator fees and other policies are listed in the Mediator Directory at each  court location to assist parties with selection.  **Discovery:** Parties do not need to conduct full discovery in the case before  mediation is considered, utilized or referred.  **Attendance at Mediation:** Trial counsel, parties and all persons with full  authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to  the facts of the case and issues an award.  The goal of judicial arbitration is to provide parties with an adjudication that is  earlier, faster, less formal and less expensive than trial.  The arbitrator's award may either become the judgment in the case if  all parties accept or if no trial de novo is requested within the required time.  Either party may reject the award and request a  trial de novo before the assigned judge if the arbitration was non-binding.  If a trial de novo is requested, the trial will usually  be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the  judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a  case is valued at under $50,000 and is "at issue".  The court maintains a panel of approved judicial arbitrators who have  practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition,  if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees.  Superior Court

1

**EXHIBIT 2/pg. 6**

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

Page: 2

**EXHIBIT 2/pg. 7**   2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S):  Hossein Zeinali |
|---|
| DEFENDANT(S): Raytheon Company |
| SHORT TITLE:   ZEINALI VS. RAYTHEON COMPANY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2007-00073226-CU-WT-CTL |
|---|---|

Judge: Joan M. Lewis                                    Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative  dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program                    ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                          ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                                  ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                          ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral  ☐  Private Binding Arbitration

☐  Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only)  _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                   Name of Defendant

_____                    _____
Signature                                           Signature

_____                    _____
Name of Plaintiff's Attorney                        Name of Defendant's Attorney

_____                    _____
Signature                                           Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated:  08/16/2007

_____
                                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

**EXHIBIT 2/pg. 8**

3

**EXHIBIT 3**

1  JOHN S. ADLER, Bar No. 060398
   LARA K. STRAUSS, Bar No. 222866
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway
   Suite 900
4  San Diego, CA 92101.3577
   Telephone:   619.232.0441
5  Fax No.:       619.232.4302

6  Attorneys for Defendant
   RAYTHEON COMPANY
7

CENTRAL DIVISION

2007 SEP 20  AM 10: 28

SUPERIOR COURT
SAN DIEGO COUNTY, CA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10  HOSSEIN ZEINALI,                        Case No.  37-2007-00073226-CU-WT-CTL

11                  Plaintiff,

12        v.                                 **RAYTHEON COMPANY'S ANSWER TO
                                             PLAINTIFF'S COMPLAINT**
13  RAYTHEON COMPANY, and DOES 1-
    25, inclusive,
14
                    Defendant(s).
15

16

17        Defendant  Raytheon  Company  ("Answering  Defendant"  or  "Defendant"  herein)

18  answers Plaintiff Hossein Zeinali's ("Plaintiff") Complaint as follows:

19                        **GENERAL DENIAL**

20        Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendant

21  denies generally and specifically each and every allegation contained in Plaintiff's Complaint.  In

22  addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

23  manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

24  absence thereof on the part of Defendant.

25  ////

26  ////

27  ////

28  ////

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619 232.0441

Firmwide:83089077.1 006609.1000

**EXHIBIT 3/pg. 1**

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

1. Plaintiff's Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

2. Plaintiff's claims are barred and/or this Answering Defendant's conduct is protected by operation of the doctrine of federal preemption, including but not limited to those statutes and regulations that control granting or denial of a security clearance.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

3. Plaintiff's allegations in the Complaint are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1; 338, subd. (a); 338.1; 339, subd. (1) and (3); and 340, subd. (a); and California Government Code sections 12960(b) and (d).

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

4. Plaintiff, by his own acts and/or omissions, is estopped from recovering against Answering Defendant, either in whole or in part.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

5. Plaintiff, by his own acts and/or omissions, has waived his rights, if any, to recover against Answering Defendant, either in whole or in part.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

6. Plaintiff's Complaint, and each cause of action therein alleged, is barred due to Plaintiff's failure to exhaust administrative and/or judicial remedies and/or due to Plaintiff's failure to exhaust internal remedies.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

7. If Plaintiff has any damages, injuries, or suffered from any illness or disabilities, such damages, illnesses, injuries, and/or disabilities, including emotional distress claims, were a result of a preexisting condition(s) suffered by Plaintiff which were not caused by or contributed to by the events alleged in the Complaint or by any alleged acts or omissions of Answering Defendant.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

8.     Without admitting any of the allegations contained in the Complaint, the actions and conduct of Answering Defendant were privileged and/or justified as a matter of law.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

9.     Plaintiff's right to seek and/or obtain relief herein, either in whole or in part, shall be reduced, diminished, or eliminated by operation of the doctrine of after-acquired evidence of employee misconduct.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

10.     Plaintiff's right to seek and/or obtain relief herein, either in whole or in part, shall be reduced, diminished, or eliminated due to Plaintiff's failure to mitigate his damages as required by law because his efforts in that regard have not satisfied the obligations imposed by law.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

11.     Plaintiff's right to seek and/or obtain relief herein, if any, is barred by Plaintiff's failure to proceed by way of internal administrative review and/or by writ of mandate to challenge the actions of Answering Defendant herein.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

12.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein are barred by the doctrines of unclean hands and/or laches.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

13.     Assuming, *arguendo*, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment actions taken herein still would have been taken due to lawful, legitimate, non-prohibited, and/or independent reasons, including but not limited

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:83089077.1 006609.1000

3.

**EXHIBIT 3/pg. 3**

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1   to, the inability and/or failure of Plaintiff to obtain the security clearance required for employment.

2   Answering Defendant herewith raises the "mixed-motive" defense as to each of Plaintiff's claims.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### TO PLAINTIFF'S COMPLAINT

5       14.    Plaintiff's claims are barred in whole or in part, and/or Defendant's conduct is

6   protected by operation of the doctrines of judicial estoppel and/or equitable estoppel.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### TO PLAINTIFF'S COMPLAINT

9       15.    Answering Defendant herewith alleges that Plaintiff's improper and/or unlawful

10  conduct gives rise to Defendant's claim for setoff and/or offset, including for any and all costs,

11  damages, injuries, fees, penalties, and other financial and economic harm attributed thereto.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### TO PLAINTIFF'S COMPLAINT

14      16.    Plaintiff has failed to allege special damages with the requisite specificity.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### TO PLAINTIFF'S COMPLAINT

17      17.    Plaintiff's claims are barred because Answering Defendant acted reasonably, with a

18  good faith belief in the legality of its actions, based upon the relevant facts and circumstances known

19  to it at the time it acted.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### TO PLAINTIFF'S COMPLAINT

22      18.    Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and

23  contributed to by his own negligence, misfeasance and/or malfeasance and, therefore, any remedy or

24  recovery to which Plaintiff might have otherwise been entitled must be denied or reduced

25  accordingly.

26  ////

27  ////

28  ////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 800
San Diego, CA 92101-3577
619 232 0441

Firmwide:83089077.1 006609.1000    4.    **EXHIBIT 3/pg. 4**

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

19.     Answering Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or diminished by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

20.     As a separate and distinct affirmative defense, Answering Defendant alleges that the provisions of California law providing for the award of punitive damages, and the substantive rules, procedure and standards for determining that amount, violate the due process and equal protection rights of Defendant under the Constitutions of the United States and the State of California.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

21.     As a separate and distinct affirmative defense, Answering Defendant alleges that it is not liable for any injuries or damages of Plaintiff, if any, which were caused by factors other than any act or omission of Defendant; furthermore, there can be no liability for those injuries or damages caused by Plaintiff's own conduct.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

22.     As a separate and distinct affirmative defense, Answering Defendant alleges that Plaintiff's damages for emotional distress are barred in that conduct by Defendant did not contravene any established public policy, did not exceed the inherent risks of employment and was not outrageous and/or improper.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

23.     As a separate and distinct affirmative defense, Answering Defendant alleges that all requests for emotional or physical distress type damages are barred to the extent that such claims

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W  Broadway
Suite 900
San Diego, CA  92101.3577
619 232 0441

Firmwide:83089077.1 006609.1000

5.

**EXHIBIT 3/pg. 5**

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1   were or are within the exclusivity provisions of the workers' compensation statutes of the State of

2   California, California Labor Code sections 3600, 3601 and 3602, et seq.

3   **TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

4   **TO PLAINTIFF'S COMPLAINT**

5   24.   As a separate and distinct affirmative defense, Answering Defendant alleges that any

6   unlawful or wrongful acts attributed to any person(s) employed by Answering Defendant were

7   outside the course and scope of the employment of the employee, and/or that such acts, if any, were

8   not authorized, ratified or condoned by Answering Defendant nor did Answering Defendant know or

9   have reason to be aware of such alleged conduct.

10   **TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

11   **TO PLAINTIFF'S COMPLAINT**

12   25.   As a separate and distinct affirmative defense, Answering Defendant alleges that any

13   conduct of its managers or supervisors, while acting in the course and scope of their employment,

14   was protected by the managerial privilege and that all actions taken with respect to Plaintiff's

15   employment were undertaken and exercised with proper managerial discretion in good faith, for

16   proper lawful reasons and/or justified by legitimate and substantial business reasons.

17   **TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

18   **TO PLAINTIFF'S COMPLAINT**

19   26.   As a separate and distinct affirmative defense, Answering Defendant alleges that

20   Plaintiff's employment was terminable at-will under California Labor Code section 2922, and also

21   under an express at-will agreement between Plaintiff and Defendant.

22   **TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

23   **TO PLAINTIFF'S COMPLAINT**

24   27.   As a separate and distinct affirmative defense, Answering Defendant alleges the

25   Complaint is barred in that there were and are legitimate non-retaliatory reasons for each and every

26   employment practice or action taken by Defendant that is alleged to have adversely affected

27   Plaintiff.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:83089077.1 006609.1000          6.          **EXHIBIT 3/pg. 6**

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

28.　Plaintiff's claims are barred and/or this Answering Defendant's conduct is protected by operation of the doctrines of res judicata and/or collateral estoppel.

## TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

29.　To the extent Plaintiff, either as and for compensation for the same losses and damages herein alleged or otherwise, received other financial benefits and/or obtained authorized or unauthorized sums, in accordance with applicable law, this Answering Defendant is entitled to an offset against Plaintiff's damages, if any, in the amount of all such benefits and/or sums.  Answering Defendant is further entitled to said offset for all periods of time Plaintiff was unwilling or unable to work, or during which Plaintiff failed to work despite the opportunity to do so.

## THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

30.　Plaintiff's claims are barred in whole or in part by the Faragher/Ellerth defense and/or by the doctrine of "avoidable consequences," including but not limited to the extent that Plaintiff failed to act reasonably to use the internal policies and procedures of Defendant to complain about alleged improper conduct.

////

////

////

////

////

////

////

////

////

////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619 232 0441

Firmwide:83089077.1 006609.1000

7.

**EXHIBIT 3/pg. 7**

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1          WHEREFORE, Answering Defendant prays for judgment as follows:

2        1.    That judgment be entered in favor of Answering Defendant Raytheon Company and

3    against Plaintiff and that the Complaint herein be dismissed with prejudice;

4        2.    That Answering Defendant be awarded costs of suit herein;

5        3.    That Answering Defendant be awarded reasonable attorneys' fees as may be

6    determined by the Court; and

7        4.    For such other and further relief as the Court may deem just and proper.

8    Dated: September _19_, 2007

9

10

11   JOHN S. ADLER
     LARA K. STRAUSS
12   LITTLER MENDELSON
     A Professional Corporation
13   Attorneys for Defendant
     RAYTHEON COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:83089077.1 006609.1000

8.

EXHIBIT 3/pg. 8

RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1  *Zeinali v. Raytheon Company*
   San Diego Superior Court Case No. 37-2007-00073226-CU-WT-CTL

2

3  **PROOF OF SERVICE BY MAIL**

4        I am employed in San Diego County, California. I am over the age of eighteen years

5  and not a party to the within-entitled action. My business address is 501 W. Broadway, Suite 900,

6  San Diego, California 92101.3577. I am readily familiar with this firm's practice for collection and

7  processing of correspondence for mailing with the United States Postal Service. On September 20,

8  2007, I placed with this firm at the above address for deposit with the United States Postal Service a

9  true and correct copy of the within document(s):

10       RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S
         COMPLAINT

11
   in a sealed envelope, postage fully paid, addressed as follows:

12

| | |
|---|---|
| R. Keramati, Esq.<br>EMPLOYMENT MEDIATION AND<br>     LITIGATION SERVICES, APC<br>110 West "C" Street, Suite 1300<br>San Diego, CA 92101 | Telephone:    619.231.2529<br>Facsimile:     619.231.2528<br><br>Attorneys for Plaintiff<br>HOSSEIN ZEINALI |

16       Following ordinary business practices, the envelope was sealed and placed for

17  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

18  the United States Postal Service on this date.

19       I declare under penalty of perjury under the laws of the State of California that the

20  above is true and correct.

21       Executed on September 20, 2007, at San Diego, California.

22

23  _____
                           Cindy L. Lewis
24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1   JOHN S. ADLER, Bar No. 060398
     LARA K. STRAUSS, Bar No. 222866
2   LITTLER MENDELSON
     A Professional Corporation
3   501 W. Broadway
     Suite 900
4   San Diego, CA 92101.3577
     Telephone:   619.232.0441
5

6   Attorneys for Defendant
     RAYTHEON COMPANY

7

8                  UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10   HOSSEIN ZEINALI,             Case No.

11           Plaintiff,

12       v.                   **DECLARATION OF JAMES REMEIKA
IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL OF CIVIL ACTION ON
THE BASIS OF DIVERSITY
JURISDICTION PURSUANT TO 28 U.S.C.
SECTIONS 1332(a), 1441(b) AND 1446**

13   RAYTHEON COMPANY, and DOES 1-
     25, inclusive,

14

15          Defendant(s).

16

17       I, JAMES REMEIKA, hereby declare and state:

18           1.     I am employed by Raytheon Company ("Raytheon") in its Office of General

19   Counsel as an attorney for Raytheon. I submit this declaration in support of Defendant's Notice of

20   Removal of Civil Action on The Basis of Diversity Jurisdiction Pursuant to 28 U.S.C. sections

21   1332(a), 1441(b) and 1446. I have personal knowledge of the facts set forth in this declaration or I

22   have knowledge of such facts based on the business records and files of Raytheon and, if called as a

23   witness, I could and would testify competently to such facts.

24          2.     Raytheon Company was, at the time of filing this action, and still is, a

25   corporation incorporated under the laws of the State of Delaware, having its principal place of

26   business in Waltham, Massachusetts.

27   ////

28   ////                           **EXHIBIT 4/pg. 1**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:83088814.1 006609.1000

DECLARATION OF JAMES REMEIKA
IN SUPPORT OF DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

3.    I declare under penalty of perjury under the laws of the State of Massachusetts, the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of September, 2007 at Raytheon Company, 870 Winter Street, Waltham, MA 02451-1449.

JAMES REMEIKA

**EXHIBIT 4/pg. 2**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:83088814.1 006609.1000

2.    DECLARATION OF JAMES REMEIKA
IN SUPPORT OF DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

**EXHIBIT 5**

1  JOHN S. ADLER, Bar No. 060398
   LARA K. STRAUSS, Bar No. 222866
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway
   Suite 900
4  San Diego, CA  92101.3577
   Telephone:   619.232.0441
5
   Attorneys for Defendant
6  RAYTHEON COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  HOSSEIN ZEINALI,                        Case No.

11                  Plaintiff,

12        v.                                **DECLARATION OF  STEPHANIE
                                            LOVE-PAYNE IN SUPPORT OF
                                            DEFENDANT'S NOTICE OF REMOVAL
13  RAYTHEON COMPANY, and DOES 1-           OF CIVIL ACTION ON THE BASIS OF
    25, inclusive,                          DIVERSITY JURISDICTION PURSUANT
14                                          TO 28 U.S.C. SECTIONS 1332(a), 1441(b)
                  Defendant(s).             AND 1446**
15

16

17        I, STEPHANIE LOVE-PAYNE, hereby declare and state:

18        1.     I am employed by Raytheon Company ("Raytheon") in its Human Resources

19  Department as a Human Resources Manager with the San Diego facility.  I submit this declaration in

20  support of Defendant's Notice of Removal of Civil Action on The Basis of Diversity Jurisdiction

21  Pursuant to 28 U.S.C. sections 1332(a), 1441(b) and 1446.  I have personal knowledge of the facts

22  set forth in this declaration or I have knowledge of such facts based on the business records and files

23  of Raytheon and, if called as a witness, I could and would testify competently to such facts.

24        2.     Plaintiff Hossein Zeinali was employed at the San Diego facility of Raytheon

25  until his separation on or about November 10, 2006.  At the time of his separation Mr. Zeinali's final

26  rate of pay was $94,099.20 per annum.

27  / / / /

28  / / / /                                                **EXHIBIT 5/pg. 1**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:83102947.1 006609.1023          DECLARATION OF STEPHANIE LOVE-PAYNE __
                                         IN SUPPORT OF DEFENDANT'S NOTICE OF
                                         REMOVAL OF CIVIL ACTION

3.     I declare under penalty of perjury under the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct.

Executed this 20 day of September, 2007 at San Diego, California.


_____
STEPHANIE LOVE-PAYNE

**EXHIBIT 5/pg. 2**

DECLARATION OF STEPHANIE LOVE-PAYNE
IN SUPPORT OF DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
601 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| HOSSEIN ZEINALI | RAYTHEON COMPANY and DOES 1-25; inclusive |

**(b)** County of Residence of First Listed Plaintiff <u>San Diego County</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
R. Keramati, Esq.
Employment Mediation and Litigation Services, APC
110 West "C" Street, Suite 1300
San Deigo, CA  92101
619.231.2529

Attorneys (If Known)
John S. Adler, Esq.
Lara K. Strauss, Esq.
Littler Mendelson, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101
619.232.0441

FILED
2007 SEP 21  PM 1: 22

BY_____ DEPUTY

**'07 CV 1852 JM   CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332(a), 1441(b) and 1446.

Brief description of cause:
Wrongful Discharge in Violation of Public Policy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $    CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                      JURY DEMAND:  ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| September 21, 2007 | John S. Adler |

FOR OFFICE USE ONLY

RECEIPT # _142702_   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

9/21/07

American LegalNet, Inc. | www.USCourtForms.com

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 142702    — SR

## September 21, 2007
## 13:24:28

### Civ Fil Non-Pris
USAO #.: 07CV1852 CIV. FIL.
Judge..: JEFFREY T MILLER
Amount.:                $350.00 CK
Check#.: BC#4032


## Total—> $350.00


FROM: ZEINALI V. RAYTHEON CO.
      DOES 1 - 25
      CIVIL FILING