UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSSEIN ZEINALI,<br>Plaintiff,<br>v.<br>RAYTHEON COMPANY, and DOES 1-25,<br>Defendant. | Civil No. 07cv01852-JM (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY**<br>**[Doc. No. 36]** |

On September 24, 2008, the Court held a telephonic conference on Plaintiff Hossein Zeinali's Motion to Compel Further Discovery Responses. [Doc. No. 36.] Ray Keramati, Esq., appeared for Plaintiff. John S. Adler, Esq., appeared for Defendant Raytheon Company. Plaintiff's moving papers were filed on September 8, 2008. [Doc. No. 36.] Defendant's opposition was filed on September 22, 2008. [Doc. No. 39.] Having considered the submissions of the parties and the arguments of counsel, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff's complaint alleges discrimination based on his national origin that resulted in him being denied promotions and transfers and ultimately resulted in his termination by Defendant. He also alleges Defendant discriminated against him and terminated him in retaliation for his complaints about certain budget reporting improprieties.

Plaintiff propounded interrogatory requests on defendant seeking "statistical information relevant to [his] second cause of action for disparate impact discrimination." Plaintiff's Memorandum in Support

of Motion to Compel ("Plaintiff's Memo") at 7. [Doc. No. 36.] Plaintiff's allegation in his second cause of action is that Defendant uses prior military service as a factor in hiring, promoting and firing employees and it has a disparate impact on persons of Plaintiff's national origin and other minorities. Plaintiff therefore sought a list identifying all [of Defendant's] employees in San Diego who at any time during the plaintiff's employment with defendant held any E-4 or E-5 position, and for each employee, his or her employment history, including race, national origin and ethnicity and whether the employee was a former member of the uniformed services. (Interrogatories 12, 13, 14, and 15.)  Plaintiff's Memo at 7-9. Plaintiff contends that this statistical information will provide the data needed for his disparate impact claim. Id. at 10.

Defendant objected on numerous grounds including that the request violated the privacy rights of third parties, was burdensome and sought information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  The objection is sustained.  The plaintiff's request seeks personal information about all Raytheon E-4 and E-5 employees for a four year period, presumably with the expectation of finding a pattern of disparate impact on minority employees resulting from Raytheon's alleged military service preference in promotion decisions. Plaintiff's complaint however is limited to disparate impact on persons of Plaintiff's national origin.  Even if a pattern of disparate impact was statistically established for other minorities, it would not be relevant to Plaintiff's claim.  The requests are overbroad, burdensome and not relevant to the claims in this case.  The motion to compel further responses to Interrogatories 12, 13, 14 and 15 is **DENIED**.

Plaintiff also seeks to compel further responses to Interrogatories 19 and 20, seeking the salaries and benefit packages of employees selected for positions for which the Plaintiff applied and was rejected from 2002 to 2006. Plaintiff contends that this economic information is relevant to his damages claim — it reflects the income he would have been making had he not been denied promotion due to the company's discrimination. Defendant objected to providing this information on a number of grounds, including that it is not relevant to the claims in this case.  The operative complaint alleges that Plaintiff was denied promotions due to his national origin.  Plaintiff submitted applications for promotion during 2004 and his last application for a promotion in Raytheon in February 2005.  That position was filled on April 19, 2005 by another person.  Defendant contends that a claim for discrimination arising from the

denial of each application had to be filed within two years of the individual denial. The Plaintiff did not file his complaint until August of 2007, well beyond the two years for even the final application so the claims are barred by the statute of limitations. Defendant contends that if Plaintiff is time-barred from alleging he did not receive any of these promotions due to discrimination, he is also barred from claiming the salary increase he may have received from one of those denied jobs as damages in his wrongful termination case. Defendant's Opposition at 5-6. [Doc. No. 39.] The discovery, Defendant contends, is therefore not relevant or likely to lead to admissible evidence. Further the production of the salary information for the positions Plaintiff was denied would result in expensive and burdensome expert analysis of hypothetical earning losses that are not admissible.

Plaintiff did not dispute the Defendant's analysis but argued that he is moving to amend the complaint to allege a retaliation claim based on his reporting of discriminatory behavior by his supervisor in 2004. If allowed to amend, Plaintiff contends the discrimination claim based on retaliation would not be time-barred and the lost promotion opportunities and lost income would be relevant. If Plaintiff is permitted to amend such that these early promotion denials are relevant to the claims in the case, the Plaintiff may renew his requests for the salary information. The motion to compel further responses to Interrogatories 19 and 20 is **DENIED** without prejudice.

Finally, Plaintiff moves to compel the production of all fixed price and cost reimbursement contracts between Raytheon and the federal government related to the DDGX/DDG1000 project during the period of Plaintiff's employment, Requests for Production 89 and 90. The Defendant objects on the basis that the request is burdensome and does not seek relevant information.

Plaintiff alleges that the federal government required certain reports, Budget Change Requests ("BCR"), be generated when budget changes were made on the project he supervised during his employment. He further alleges that budget changes were instituted by Raytheon and no corresponding BCR was prepared and he complained that it violated federal guidelines. As a result of his complaints regarding this practice Plaintiff alleges he was terminated. Plaintiff contends that Raytheon's violation of its BCR policies was a violation of federal rules and regulations and the government contracts related to the DDGX/DDG1000 project will have relevant information regarding BCR policies.

Plaintiff's motion to compel is **GRANTED** in part. Defendant is hereby ordered to produce any sections of the government contracts regarding the DDGX/DDG1000 projects that describe or refer to BCR policies.  The production may be made pursuant to the Protective Order in place in this litigation. Any responsive documents shall be produced no later than **October 3, 2008.**

**IT IS SO ORDERED.**

DATED:  September 25, 2008

_____
CATHY ANN BENCIVENGO
United States Magistrate Judge