UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSSEIN ZEINALI,<br><br>                                Plaintiff,<br>      v.<br>RAYTHEON COMPANY, and DOES 1-25,<br>                                Defendant. | Civil No.   07cv1852-JM (CAB)<br><br>**ORDER GRANTING EX PARTE REQUEST TO MODIFY SCHEDULING ORDER**<br><br>**[Doc. No. 50]** |

On October 6, 2008, Plaintiff Hossein Zeinali filed an *ex parte* application to modify the scheduling order regarding the exchange of expert reports and the discovery cutoff. [Doc. No. 50.] Both parties have motions scheduled before the District Judge for November 7, 2008, that may impact the nature of expert testimony and the overall scope of this case. This Court therefore finds good cause to modify the scheduling order as follows:

1. All fact discovery shall be completed on or before **December 12, 2008**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

2. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than December 19, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **January 9, 2009**.

4. All expert discovery shall be completed on or before **January 23, 2009**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

5. Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **February 6, 2009**.

6. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **February 6, 2009**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

7. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or **before February 13, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations

and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P.  26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **February 20, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

9. The final pretrial conference shall be held before the **Honorable Jeffrey T. Miller**, United States District Court Judge, on **February 27, 2009**, at **8:30 a.m.**

10. The trial in this matter shall commence on **March 30, 2009**, at **10:00 a.m.**

11. The dates and times set forth herein will not be further modified except for good cause shown.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

13. The Mandatory Settlement Conference remains scheduled for **December 8, 2008**, at **10:00 a.m.** as set out in the Court's 9/2/08 minute entry.  [Doc. No. 34.]

DATED:  October 8, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge