UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSSEIN ZEINALI,<br><br>                         Plaintiff,<br><br>   v.<br><br>RAYTHEON COMPANY; and DOES 1-25,<br><br>                         Defendant. | Civil No.    07cv01852-JM (CAB)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S DISCOVERY MOTIONS**<br><br>**[Doc. No. 51]** |

## I.  INTRODUCTION

Before the Court is Plaintiff Hossein Zeinali's ("Zeinali") Motion for Leave to Take Additional Depositions and to Compel Further Production of Documents. [Doc. No. 51.] Plaintiff's moving papers were filed on October 6, 2008. Defendant Raytheon Company's ("Raytheon") opposition was filed on October 17, 2008. [Doc. No. 57.] The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Plaintiff's motion is **DENIED** in part and **GRANTED** in part.

## II.  BACKGROUND

The operative complaint[1] alleges discrimination based on Zeinali's Middle Eastern national origin that resulted in him being denied promotions and transfers and ultimately resulted in his termination by Defendant. Zeinali also alleges Raytheon discriminated against him and terminated him

---

[1] Plaintiff has a Motion for Leave to File an Amended Complaint pending before the District Judge. [Doc. No. 44.]

in retaliation for his complaints about certain budget reporting improprieties. Discovery has been ongoing in this case since December 2007 and the discovery cut-off has been extended four times.

### III. DISCUSSION

**A. Motion to Take Six Additional Depositions**

Plaintiff has taken the deposition of 12 percipient witnesses and some number of 30(b)(6) witnesses. He now seeks leave to take six additional depositions of Raytheon management employees located on the East Coast, to investigate the "real reason" for Raytheon's decision to cut Plaintiff's budget. (Pl.'s Mem. in Supp. of Mot. 1.) Although Raytheon previously stipulated to Zeinali's request for depositions in excess of the 10 allowed by the Federal Rules, Defendant now opposes Plaintiff's request for these additional witnesses asserting that the depositions sought are not relevant to the asserted claims, are unnecessary and are burdensome. (Def.'s Opp. 1-2.)

In order to take more than 10 depositions a party must obtain a stipulation or court order. Fed. R. Civ. P. 30(a)(2)(A)(i). Plaintiff is required to make a particularized showing as to why these additional depositions are necessary. Having considered the allegations of the complaint, and Plaintiff's explanation for the need for the additional depositions, the motion for leave to take additional depositions is **DENIED**.

Plaintiff's claim for wrongful termination in retaliation of his complaints to supervisors, alleges that Raytheon moved money from the budget for which he was responsible without the preparation of a Budget Change Request form, which Plaintiff reported to his supervisor as unlawful activity. Plaintiff, therefore, refused to sign off on certain erroneous reports. Further, when the funds were subsequently returned to his budget a short time thereafter, again without the preparation of a Budget Change Request form, Plaintiff once again reported to his supervisor that the budget action was not in compliance with regulations. Plaintiff claims that as a result of these complaints he was transferred to a different position and then terminated. (Compl. ¶¶19-28, 57.)

Plaintiff alleges that because of his complaints to his supervisor and his refusal to sign certain reports due to non-compliance with budget procedures, he was terminated in violation of California public policy and in violation of the California Labor Code. (*Id.* at ¶¶ 57, 60-62.) Numerous individuals have been deposed regarding Plaintiff's protests regarding improper budget procedures and his

termination. Plaintiff does not assert that the individuals he seeks to depose now have any personal knowledge abouthis complaints to his supervisor in 2006 or the decision to terminate him. Plaintiff contends that he requires these depositions to discover the "real reason for defendant Raytheon's decision to cut plaintiff's budget by $1.5 million" and to "determine if the company was violating federal statutes, rules and regulations with respect to a potential $120 million discrepancy" in a federal contract. (Pl.'s Mem. in Supp. of Mot. 1 & 11.)

Plaintiff asserts he wants to explore why his budget was adjusted, but has not demonstrated that this is an element of his claim. He has not made any showing that the individuals he seeks to depose have any knowledge about protests he made allegedly giving rise to his termination. Moreover, Plaintiff's explanation that he wants to explore a "**potential** $120 million discrepancy" in Raytheon's federal contract suggests strongly that he is probing for information to assert new claims rather than obtaining evidence related to the claims at issue in this litigation. Fed. R. Civ. P. 26(b)(1). Plaintiff has not demonstrated the necessity of these depositions based on the operative complaint. The motion for leave to take these excess depositions is **DENIED**. However, since Plaintiff's motion to amend the complaint is still pending, the motion is denied without prejudice.

With regard to Plaintiff's alternative request that the Court preclude Raytheon from calling any of these six witnesses at trial if they are not made available for deposition, the request is **GRANTED**. Defendant has represented that none of these witnesses have information relevant to the claims and defenses of this lawsuit. They have not been identified pursuant to Rule 26(a)(1)(A)(i) as witnesses Raytheon may use to support its defenses. Witnesses cannot be shielded from identification and deposition and later brought to trial, unless it is solely for purposes of impeachment. If Plaintiff's motion to amend is granted, and Raytheon determines that these witnesses have relevant information in light of the amended complaint, Raytheon may identify them, or others with relevant information, in a supplemental disclosure pursuant to Rule 26(e) and make such witnesses available for deposition. Otherwise, subject to the final determination of the trial court, the Raytheon witnesses at issue in this motion may not be called at trial, unless solely for purposes of impeachment.

///

///

**B. Motion to Compel Further Responses to Requests for Production of Documents**

Plaintiff also seeks to compel further responses to his third set of Requests for Production of Documents, Nos. 111, 112 and 113. These requests seek performance evaluations for all engineers working under the supervision of Richard Zohn for 2004 and 2005. Zohn was also Zeinali's supervisor at Raytheon during that time. Plaintiff contends that production of the employment files of these engineers will demonstrate that Plaintiff was treated differently than these similarly-situated employees due to Defendant's discrimination based on Plaintiff's national origin and resulted in his failure to be promoted. (Pl.'s Mem. in Supp. of Mot. 12-14.) Defendant objects based on lack of relevance, undue burden and the privacy rights of the third parties. Defendant's objections are sustained.

Plaintiff has not demonstrated that the personnel files he seeks, for some 16-18 employees, are for similarly-situated employees – employees with similar jobs directly comparable in all material aspects, such that production of their employment records would be relevant to Plaintiff's claims. The request is broadly propounded for the files of all engineers supervised by Mr. Zohn, but makes no distinction regarding the actual job descriptions of those employees, the job requirements or the standards applied in performance evaluation. The performance evaluations of others in unrelated jobs are not relevant to Plaintiff's claim that he was treated differently than similarly-situated employees. The requests are overbroad.

Moreover, Plaintiff has previously acknowledged that under the operative pleadings, he is time-barred from complaints of discrimination arising from disparate treatment that occurred in 2004-2005. [Doc. No. 42.] By comparing the performance evaluations he received in 2004-2005 with other Raytheon employees, Plaintiff is seeking to establish that his employer committed acts of discrimination in the review process at that time that materially affected his opportunity for advancement. Plaintiff, however, does not have a claim in this litigation for discrimination for failure to promote in 2004-2005. Absent an amendment to the complaint, this discovery is not relevant to claims in this case or likely to lead to the discovery of admissible evidence. The motion to compel is therefore **DENIED**.

///
///
///

## IV. CONCLUSION

Based upon the above discussion, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to take six additional depositions of Raytheon management employees is **DENIED**;

2) Plaintiff's request that the Court preclude Raytheon from calling any of these six witnesses at trial if they are not made available for deposition is **GRANTED**; and

3) Plaintiff motion to compel further responses to third set of Requests for Production of Documents, Nos. 111, 112 and 113, is **DENIED**.

DATED: November 3, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge